

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL.

February 1, 1968

Honorable Travis White
President
Midwestern University
Wichita Falls, Texas   76308

Opinion No. M-196

Re: Validity of Senate Bill
292, Acts 60th Legislature,
Regular Session, 1967,
Chapter 729, page 1955
an Act relating to an
Optional Retirement Program
for teachers (Article

Dear Dr. White:                              2922-li, V.A.C.S.)

Your request for an opinion on the above subject
poses the following questions:

"1. Does the vesting provision in section 3(a) of
Article 2922-li, V.A.C.S., violate section 48a of Article
3 of the Texas Constitution?

"2. Does section 8(d) of Article 2922-li, V.A.C.S.,
violate the first paragraph of section 48a of Article 3 of
the Texas Constitution?

"3. Does the last paragraph of section 8 of Article
2922-li, V.A.C.S., violate the second paragraph of section
48a of Article 3 of the Texas Constitution?

"4. Does the fact that Article 2922-li, V.A.C.S.,
does not contain any provision providing for the coordination
of benefits payable under the Optional Retirement Program
with those payable under other state pension retirement funds
or direct aid from the State of Texas, violate the second
paragraph of section 48a of Article 3 of the Texas Constitution?"

Section 48 of Article 3 of the Texas Constitution expressly
confers on the Legislature the power to levy taxes both to
support the public schools, including colleges and universities,
and to pay all employees of the State.

Section 48a of Article 3 of the Constitution gives the Legislature the power to tax to establish the Teachers Retirement System fund, and Section 48b of the same article establishes the Teachers Retirement System and its Board of Trustees.

Article 2922-1i, V.C.S., authorizes an Optional Retirement Program under which the governing boards of state colleges and universities may contract with any life insurance or annuity company qualified to do business in Texas to provide retirement benefits for their staff and faculty. Under this statute, when a governing board establishes the optional plan, each faculty member may elect either to remain in the Teachers Retirement System or to become a participant in the Optional Retirement Program.

As we approach the question of the constitutionality of Article 2922-1i, it would be well to observe that we do not seek the answer by trying to find some specific power in the Constitution which authorizes the statute. The State Constitution, unlike the Federal, is not a grant of power, but serves solely as a limitation of power. So the Legislature may exercise all legislative power not denied or prohibited to it by the Constitution. All intendments are against restrictions upon the legislative power. In order for the courts to hold an act of the Legislature unconstitutional, they must be able to point out the specific provision which inhibits the legislation. Also, if there be two possible constructions, the one favoring the constitutionality of a statute will be followed. A statute is not declared unconstitutional in a doubtful case, but every intendment and presumption favoring constitutionality is indulged in. Byrd v. Dallas, 118 Tex. 28, 6 S.W.2d 738 (1928). To the same effect are: Shepherd v. San Jacinto Junior College District, et al., 363 S.W.2d 742 (Tex. Sup. 1963); Perkins v. State of Texas, 367 S.W.2d 140 (Tex. Sup. 1963); Government Services Insurance Underwriters v. Jones, 368 S.W.2d 560 (Tex. Sup. 1963). As stated in the Shepherd case "where ... there is a tenable theory supporting the questioned legislative power ... the provision ... should be upheld."

Pension systems for public employees were put in operation by statute long before the constitutional amendments regarding such systems were passed. These statutory systems were upheld as constitutional in 1928 by the Supreme Court in Byrd v. Dallas, supra, and in subsequent cases, such as, City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d 1009 (1937), and McGuire v. City of Dallas, 141 Tex 170, 170 S.W.

2d 722 (Tex. 1943). The Supreme Court reasoned that the retirement pension is part of the compensation of the employee. Thus, public funds were being put to a public purpose and there being no constitutional prohibition, the statutes were constitutional.

It follows that the Legislature had and has the constitutional power to create a pension system to provide retirement benefits for persons employed in public schools, colleges, and universitites supported by the State, without relying on sections 48a and b of Article 3 of the Constitution. There are many reasons why it may be desirable to establish a program through an amendment to the Constitution, but it is apparent that a feared lack of constitutional power was not the reason behind the enactment of sections 48a and b, inasmuch as that power already clearly existed. Whether the Legislature lacks the constitutional power to establish a second or alternate retirement program for persons employed in state-supported colleges and universities will thus depend upon whether or not there is a prohibition against the creation of such a program in sections 48a and b of Article 3, since it is clearly permissible under the remainder of the Constitution.

## Question No. 1

Section 3(a) of Article 2922-1i, requires that the Optional Retirement Program provide "for the vesting of benefits after one year of participation." You inquire whether that vesting provision violates section 48a of Article 3 of the Texas Constitution. Section 48a provides, in pertinent part, that with respect to the Teachers Retirement System fund authorized by section 48a, "no person shall be eligible for retirement who has not rendered ten years of creditable service in such employment, and in no case shall any person retire before either attaining the age 55 or completing 30 years of creditable service, but shall be entitled to refund of moneys paid into the fund."

Thus, out of the Teachers Retirement System fund, no benefits can be paid to anyone who has not met the service and age requirements set out in section 48a, and any person not meeting those requirements would have no right to any part of the fund except the right to have refunded the moneys he or she had theretofore paid into the fund.

On the other hand, under the Optional Retirement Program authorized by Article 2922-1i, the faculty member's right to

benefits vests after only one year of participation in the program, and if the faculty member terminates his employment after such vesting date, the faculty member would be entitled to retain all benefits which had then accrued to him.

However, the provisions of section 48a do not operate as a prohibition against the vesting provision of the Optional Retirement Program. Section 48a specifically relates to - and only to - the Teachers Retirement System fund, and it does not purport to operate as a broader limitation on legislative power. The Optional Retirement Program is not a part of the Teachers Retirement System, and the moneys contributed to the Optional Retirement Program never become a part of the Teachers Retirement System fund. All moneys appropriated and allocated to the Teachers Retirement System are paid to it monthly based on the estimates of the System Trustees. Those moneys become a part of the Teachers Retirement System fund when so paid. See Art. 2922-1, Sec. 11, subparagraph 2(b) and Art. 7083a.2, Sec. 3.

The Optional Retirement Program derives its moneys from its own appropriations and from the contributions of the participants in the program. The State's contributions are paid by the Comptroller to the disbursing officers of the several institutions, and those disbursing officers pay the total contributions of the State and the participants in the program to the company or companies providing the benefits. See the last paragraph of Section 8 of Article 2922-1i. Thus, each of the two retirement programs has its own method of financing its benefits, but they are in no way conflicting and in no way a limitation upon each other. It is the duty of a court to uphold the statute if in doing so it can be given a reasonable construction that will both render it constitutional and carry out the legislative intent. 12 Tex.Jur.2d 388, Constitutional Law, Sec. 44.

Accordingly, we answer your first question in the negative.

## Question No. 2

Section 8(d) of Article 2922-1i provides that under the Optional Retirement Program, the State shall not only contribute the amount which it would have been required to contribute under the Teachers Retirement System, but also an additional amount equal to 6% of that portion of the faculty

member's salary which exceeds the amount of annual salary that is subject to computation of contributions to the Teachers Retirement System - but only "to the extent that such contribution (to the Optional Retirement System) is not prohibited by other applicable laws of this state now or hereafter in force and effect." You inquire whether section 8(d) of Article 2922-1i violates the first paragraph of section 48a of Article 3 of the Texas Constitution, which paragraph, in pertinent part, provides that "the amount contributed by the State to such fund each year shall be equal to the aggregate amount required by law to be paid into the (Teachers Retirement System) fund by such employees, and shall not exceed at any time 6% of the compensation paid each such person by the State and/or school districts, and shall in no one year exceed the sum of $504 for any such person."

Assuming (as we do for the purpose of considering this question) that the above quoted section 48a limitations on the amount of the State's contribution to the Teachers Retirement System fund apply to and govern the amount the State may contribute to the Optional Retirement Program, section 8(d) of Article 2922-1i still does not violate section 48a, because the State's contribution made under section 8(d) is authorized only "to the extent that such contribution is not prohibited by other applicable laws of this State now or hereafter in force and effect." Therefore, if the above quoted section 48a limitations are applicable to the State's contribution made under Section 8(d), then by the express terms of section 8(d) those section 48a limitations will control, and there can therefore be no violation of section 48a. Where such a statute can be given a more restricted interpretation to apply only to matters lying within the legislative power, a court will do so and uphold its validity to harmonize with the Constitution. 12 Tex.Jur.2d 390, Constitutional Law, Sec. 45.

Accordingly, we answer your second question in the negative.

## Question No. 3

In view of the issue raised in your fourth question, we assume that your third question involves the following portion of section 8 of Article 2922-1i, to wit: "The contributions of faculty members participating in the Optional Retirement

Program in each institution of higher education shall be deducted as provided by law applicable to the System. The contribution of the State for faculty members participating in the Optional Retirement Program in each institution of higher education shall be paid by the Comptroller of Public Accounts of the State of Texas to the applicable institution of higher education. The disbursing officer of such institution of higher education shall pay the total of such contributions from both the faculty member and the State to the company providing the Optional Retirement Program for that institution." You inquire whether the above quoted provision violates the following portion of section 48a of Article 3 of the Texas Constitution, to wit: "The Legislature may authorize all moneys coming into such fund to be invested in bonds or other evidences of indebtedness of the United States, or of this State, or any county, city, school district, or other municipal corporation or district of this State, or in such other securities as are now or hereafter may be permitted by law as investments for the Permanent University Fund of this State; provided a sufficient sum shall be kept on hand to meet payments as they become due each year under such retirement plan, as may be provided by law; ...."

As we have pointed out heretofore in this opinion, section 48a authorizes the establishment of the Teachers Retirement System fund and prescribes certain conditions governing the operation of that fund. Indeed, in the provision here under consideration section 48a states that "The Legislature may authorize all moneys coming into the fund to be invested ...." Thus, it is perfectly clear that the constitutional provision in question deals only with "moneys coming into the (Teachers Retirement System) fund." But the questioned provision in the last paragraph of section 8 of Article 2922-1i does not deal with "moneys coming into the (Teachers Retirement System) fund." On the contrary, it deals exclusively with moneys that never go into the Teachers Retirement System fund. As stated before, the moneys dealt with under the provisions of Article 2922-1i remain in the hands of the Comptroller of Public Accounts and the disbursing officers of the several institutions of higher education until they are paid to the company or companies providing the Optional Retirement Program. Therefore, there is no conflict between the above quoted provision of Article 2922-1i and the above quoted provision of section 48a of Article 3 of the Texas Constitution because they relate to different moneys, and, again, there is no attempt in section 48a to prohibit or limit anything other than the activities of the Teachers Retirement System.

In accordance with the canons of construction heretofore discussed, we answer your third question in the negative.

## Question No. 4

Section 7 of Article 2922-1i provides as follows:

"A faculty member with ten (10) or more years of creditable service under the Retirement System who has elected to participate in the Optional Retirement Program in accordance with the provisions of Section 5 and who has not further elected to withdraw his contribution as provided in Section 6 shall become a limited member of the Retirement System for the purpose of accruing Service Retirement Benefits as hereafter provided but shall no longer be considered as a member of the Retirement System for the purpose of accruing Disability, Death and Survivor Benefits thereunder and no such disability, death and survivor benefits shall be payable by reason of limited membership except as hereafter provided. If a limited member shall die before retirement and during any school year in which the member is in service, there shall be paid to his designated beneficiary the accumulated contributions standing to the account of the member in the Teacher Savings Fund; however, no other death or survivor benefit or option shall be payable by reason thereof. The faculty member on limited membership shall be required to make no further contributions to the Retirement System. A limited member shall be entitled to Service Retirement Benefits under the Retirement System; provided, however, that for the purpose of computing the Standard Annuity under the methods provided by law and thus the amount of such benefits only the faculty member's creditable service and compensation prior to making an election to participate in the Optional Retirement Program shall be considered."

You inquire whether the above quoted section 7 violates the second paragraph of section 48a of Article 3 of the Texas Constitution which provides, in pertinent part, that "the recipients of (the Teachers Retirement System) fund shall not be eligible for any other State pension retirement funds or direct aid from the State of Texas, unless such other State pension

or retirement fund, contributed by the State, is released to the State of Texas as a condition to receiving such other pension aid ...."

Since Article 2922-11 does not provide or contemplate that a recipient of the Teachers Retirement System fund who elects to participate in the Optional Retirement Program will release to the State the moneys contributed by the State to the Optional Retirement Program to his credit, it follows that so long as a faculty member is a recipient of the Teachers Retirement System fund, he is not elegible to receive any benefits from the Optional Retirement Program. He may easily cease to be a recipient of the Teachers Retirement System fund by withdrawing from the Teachers Retirement System and withdrawing from the fund all contributions he has made thereto. See section 48a of Article 3 of the Texas Constitution; Section 6 of Article 2922-11. Of course, upon the withdrawal of such contributions from the fund, the faculty member will thereby forfeit and relinquish all accrued rights as a member of the Teachers Retirement System.

Since section 7 of Article 2922-11 attempts to permit recipients of the Teachers Retirement System fund to be eligible for another State pension retirement fund without "such other State pension retirement fund, contributed by the State to the credit of the recipient, being released to the State of Texas," said section 7 violates the above quoted provisions of section 48a of Article 3 of the Texas Constitution and is therefore, unconstitutional and void because necessarily antagonistic to the clear constitutional provision. 12 Tex. Jurs. 2d 374, Constitutional Law, Sec. 30.

However, since the act out of which Article 2922-11 arose contained a savings or severability clause and since all of the other provisions of the act can be given effect without giving effect to section 7 thereof, the remainder of Article 2922-11 is not invalidated by the unconstitutionality of section 7. 12 Tex.Jur.2d 394, Constitutional Law, Sec. 49, and cases there cited.

Accordingly, we answer your fourth question that section 7 of Article 2922-11 is invalid because it violates section 48a of Section 3 of the Texas Constitution.

What has been said heretofore in this opinion disposes of the four specific questions posed by you, but it should be noted that in enacting Article 2922-11, the Legislature adopted the following statement of purpose and intent:

"The Legislature finds that higher education is vitally important to the welfare, if not the survival, of Texas and the United States at this stage in history and that the quality of higher education is dependent upon the quality of college and university faculties. The Legislature finds, therefore, that moneys spent on recognized means for producing an excellent system of public higher education is money spent to serve a public purpose of great importance. The Legislature finds further that a sound faculty retirement program that provides full and complete retirement benefits to teachers and administrators who have given faithful service to state-supported institutions of higher education is a well-recognized means for improving a state's program of public higher education. The Legislature's purpose in establishing the retirement program provided for by this Act is to improve further the higher education available to the youth at the state-supported colleges and universities and to establish this retirement program as part of the plan of compensation for the faculty of these colleges and universities." (Emphasis added.)

Section 48b of Section 3 of the Texas Constitution, like section 48a discussed above, deals with "moneys coming into the (Teachers Retirement System) Fund," and has no application to moneys in, or contributions to, the Optional Retirement Program, which latter moneys and contributions never go into and never become a part of the Teachers Retirement System fund.

We conclude, therefore, that neither section 48a nor 48b of Section 3 of the Texas Constitution contains any prohibition against the establishment of a second or alternate retirement program for persons employed in state-supported colleges and universities, and that with the exception of section 7 noted above, the Legislature was fully empowered to create the Optional Retirement Program authorized in Article 2922-1i.

### SUMMARY

1. The vesting provision of section 3(a) of Article 2922-1i, V.C.S., does not violate section 48a of Article 3 of the Texas Constitution.

2. Section 8(d) of Article 2922-1i, V.C.S., does not violate the first paragraph of section 48a of Article 3 of the Texas Constitution.

3.   The last paragraph of section 8 of Article 2922-1i, V.C.S., does not violate the second paragraph of section 48a of Article 3 of the Texas Constitution.

4.   Section 7 of Article 2922-1i, V.C.S., violates section 48a of Section 3 of the Texas Constitution and is therefore invalid.  However, it is severable, and the remainder of the Article is not rendered invalid by the unconstitutionality of section 7.

5.   With the exception of section 7 of Article 2922-1i, V.C.S., the Legislature was empowered to create the Optional Retirement Program authorized by Article 2922-1i.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Houghton Brownlee, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorn Phillips, Chairman
Kerns B. Taylor, Co-Chairman

W. V. Geppert
Ralph Rash
Milton Richardson
Jack Sparks
Robert Flowers
Harold Kennedy

Executive Assistant
A. J. CARUBBI, JR.